UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON D. SEYMOUR,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>LEDBETTER,<br><br>　　　　　　Defendant. | Case No.: 1:22-cv-00989-CDB (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS CLAIM THREE IN PLAINTIFF'S COMPLAINT**<br><br>(Doc. 1)<br><br>**14-DAY OBJECTION PERIOD**<br><br>Clerk of the Court to Assign District Judge |

Plaintiff Aaron D. Seymour is proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.　SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

//

//

## II. PLEADING REQUIREMENTS

### A. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks & citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Id.* (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks & citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks & citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks & citation omitted).

### B. Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under

2

1  section 1983, a plaintiff must show a causal connection or link between the actions of the
2  defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*,
3  423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the
4  deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative
5  act, participates in another's affirmative acts, or omits to perform an act which he is legal required
6  to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740,
7  743 (9th Cir. 1978) (citation omitted).

### III. DISCUSSION

#### A. Plaintiff's Complaint

Plaintiff names Correctional Lieutenant G.A. Ledbetter at Wasco State Prison as the sole Defendant in this action. (Doc. 1 at 1-2.) He asserts three separate claims. (*Id.* at 4-6.) Plaintiff seeks declaratory relief and monetary damages totaling $450,000. (*Id.* at 7.)

#### B. Plaintiff's Claims

Plaintiff has provided separate supporting facts as to each claim. Therefore, the Court will address each claim in order, summarizing the facts relevant to that claim before performing its analysis.

### Claim One

*The Facts Alleged*

Plaintiff contends that on February 10, 2022, during a rules violation hearing conducted by Defendant Ledbetter, Plaintiff informed Ledbetter he intended to pursue judicial review of Ledbetter's biased ruling. (Doc. 1 at 4.) Plaintiff shared a court document to show Ledbetter "how this happened before" and advised Ledbetter he had "an open civil suit on his constituents about the carcinogenic water" at Wasco State Prison, identifying Ledbetter, "H. Shirley, I. Cronjager & S. Degough" as administrators. (*Id.*) Plaintiff contends Ledbetter scoffed and stated nothing would come of the suit. (*Id.*) Plaintiff walked away, but Ledbetter called him back. (*Id.*) Plaintiff contends Ledbetter also then called Plaintiff's "witness to the rules violation hearing, which was already over" despite Plaintiff stating he did not need a witness because the hearing had concluded. (*Id.*) Plaintiff's witness, Markeith Davis, was present when Ledbetter "told another

3

inmate in front of other race inmates" and a correctional officer that Plaintiff was "a jail house snitch" and that Davis "had numerous contraband cellphones for sale & was operating an illegal business." (*Id.*) Plaintiff asserts Ledbetter's comments put his life at risk "in clear retaliation" for Plaintiff filing suit against Ledbetter's "constituents." (*Id.*) Plaintiff contends inmates approached him afterwards and made threatening gestures and sent a threatening letter. (*Id.*) Plaintiff states he "documented all of this w/the prison litigation." (*Id.*) Plaintiff alleges "[f]uture injury is a big possibility as the target [Ledbetter] put on [his] back is real." (*Id.*) Plaintiff contends he suffered physical ailments "from the poison water," that Ledbetter "is impeding" on his ability to get a remedy, and he has suffered "emotional stress fear of pertinant [sic] danger." (*Id.*)

*Legal Standards and Analysis*

Prisoners have a First Amendment right to file prison grievances and retaliation against prisoners for exercising this right is a constitutional violation. *Rhodes v. Robinson*, 408 F.3d 559, 566 (9th Cir. 2005). A claim for First Amendment retaliation in the prison context requires: (1) that a state actor took some adverse action against the plaintiff (2) because of (3) the plaintiff's protected conduct, and that such action (4) chilled the plaintiff's exercise of his First Amendment rights, and (5) "the action did not reasonably advance a legitimate correctional goal." *Id.* at 567-68. To prove the second element, retaliatory motive, plaintiff must show that his protected activities were a "substantial" or "motivating" factor behind the defendant's challenged conduct. *Brodheim v. Cry*, 584 F.3d 1262, 1269, 1271 (9th Cir. 2009). Plaintiff must provide direct or circumstantial evidence of defendant's alleged retaliatory motive; mere speculation is not sufficient. *See McCollum v. CDCR*, 647 F.3d 870, 882-83 (9th Cir. 2011). In addition to demonstrating defendant's knowledge of plaintiff's protected conduct, circumstantial evidence of motive may include: (1) proximity in time between the protected conduct and the alleged retaliation; (2) defendant's expressed opposition to the protected conduct; and (3) other evidence showing that defendant's reasons for the challenged action were false or pretextual. *McCollum*, 647 F.3d at 882.

//

//

Here, liberally construing Plaintiff's complaint, Plaintiff has plausibly stated a First Amendment retaliation claim against Defendant Ledbetter by asserting Ledbetter took adverse action against him in the form of publicly identifying Plaintiff as a snitch for having filed a lawsuit concerning Wasco State Prison and its administrators, where such an action chilled Plaintiff's ability to exercise his First Amendment rights and did not reasonably advance a legitimate correctional goal. *Rhodes*, 408 F.3d at 567-68.

### **Claim Two**

*The Facts Alleged*

Plaintiff contends that Defendant Ledbetter's identifying him as a snitch threatens his safety. (Doc. 1 at 5.) Plaintiff asserts Ledbetter's "20 plus years" experience indicates Ledbetter "knows that to get an inmate hurt, stabbed & killed you use tactics labeling him a snitch or a child molester or a rapist." (*Id*.) Plaintiff contends Ledbetter used this "dirty trick" to "erase [his] existence because of the civil suit." (*Id*.) Plaintiff asserts Ledbetter "conspired within that split second to galvanize the rowdy inmate's violent gang behavior in a plot to have [him] killed." (*Id*.) Plaintiff contends the inmates that approached him made it clear that Ledbetter had advised them of Plaintiff's "snitching." (*Id*.) Plaintiff asserts he knows Ledbetter meant what he said "as his words wreaked of venom & vengeance, his facial expression was of a tight grimace & his face & ears turned a turnip red," indicating anger. (*Id*.) Plaintiff contends that anger is a sign of Ledbetter's intent to have him attacked and that the inmates "acted out on his words & lies" concerning Plaintiff. (*Id*.) Plaintiff asserts Ledbetter's actions are "a clear violation, as these types of allegations are long lasting within the Prison community & danger still & forever will loom." (*Id*.) Plaintiff's injuries include emotional trauma and stress and inmates grabbing his arms aggressively and interrogating him fiercely. (*Id.*)

*Legal Standards and Analysis*

Prison officials have a duty "to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners." *Labatad v. Corrections Corp. of America,* 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) & *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005)). To

establish a violation of this duty, a prisoner must "show that the officials acted with deliberate indifference to threat of serious harm or injury to an inmate." *Labatad*, 714 F.3d at 1160 (citing *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002)).

A failure to protect claim under the Eighth Amendment requires a showing that "the official [knew] of and disregard[ed] an excessive risk to inmate ... safety." *Farmer*, 511 U.S. at 837. "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, ... and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Id.* at 842 (citations omitted). The duty to protect a prisoner from serious harm requires that prison officials take reasonable measures to guarantee the safety and well-being of the prisoner. *Id.* at 832-33; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). As "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment," plaintiff must allege facts showing the defendant acted with a "sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (internal quotations marks, emphasis & citations omitted).

Here, liberally construing the complaint, Plaintiff has plausibly alleged an Eighth Amendment threat to safety/failure to protect claim against Ledbetter by asserting Ledbetter knew his act of identifying Plaintiff as a snitch would place Plaintiff at substantial risk or serious risk of harm and that Ledbetter disregarded the risk. *Farmer*, 511 U.S. at 832-33, 837.

**Claim Three**

Plaintiff's third claim for relief is entitled "Slander of character & moral debilitation." (Doc. 1 at 6.)

*The Facts Alleged*

Plaintiff contends Defendant Ledbetter "told an untruth" about him and his character. (Doc. 1 at 6.) Plaintiff asserts he "strive[s] hard everyday in college & amongst [his] prison community to uplift & empower those that society has thrown away." (*Id.*) Plaintiff contends Ledbetter makes Plaintiff "seem to be untrustworthy in an attempt to help cover-up the fact this prison has carcinogenic water" the inmates drink and that is killing Plaintiff and causing others "extreme bodily harm." (*Id.*) Plaintiff asserts he has uncovered the truth about misallocated

6

federal funds to fix the "toxic water & by slandering" Plaintiff's character, Ledbetter's "lies & defamatory titles" discredit Plaintiff's discovery. (*Id.*) He concludes that he "pray[s] this Court sees this for what it is. A Hit on my life by G.A. Lt. Ledbetter." (*Id.*) Plaintiff states his character is now damaged and "an untruth hangs over" his head and his "mental illness has dropped." (*Id.*)

*Legal Standards and Analysis*

Plaintiff's third cause of action sounding in slander and defamation does not state a cognizable claim entitling him to relief under § 1983. *See Paul v. Davis*, 424 U.S. 693, 699-702 (1976) (defamation not actionable under § 1983); *Hernandez v. Johnston*, 833 F.2d 1316, 1319 (9th Cir. 1987) (libel and slander claims precluded by *Paul*). Therefore, granting Plaintiff leave to amend this claim would be futile. *See Hartmann v. CDCR*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile").

**IV.     ORDER AND RECOMMENDATIONS**

The Clerk of the Court is DIRECTED to assign a district judge to this action. Further, for the reasons set forth above, the Court **RECOMMENDS** that:

1. This action PROCEED on Plaintiff's First Amendment retaliation (claim one) and Eighth Amendment failure to protect (claim two) claims; and

2. The remaining claim (claim three) be DISMISSED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). Within 14 days of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 24, 2023**                              _____

UNITED STATES MAGISTRATE JUDGE

7