1
2
3
4
5
6
7

8                     UNITED STATES DISTRICT COURT

9                     EASTERN DISTRICT OF CALIFORNIA

10

11    AARON D. SEYMOUR,                      Case No.: 1:22-cv-00989-JLT-CDB (PC)

12                    Plaintiff,             **FINDINGS AND RECOMMENDATIONS TO
                                             DISMISS ACTION WITHOUT PREJUDICE**
13          v.                               **FOR PLAINTIFF'S FAILURE TO OBEY
                                             ORDERS AND FAILURE TO PROSECUTE**
14    LEDBETTER,
                                             **14-DAY DEADLINE**
15                    Defendant.

16

17          Plaintiff Aaron D. Seymour is proceeding pro se and *in forma pauperis* in this civil rights

18    action pursuant to 42 U.S.C. § 1983.

19          **I.      BACKGROUND**

20          On January 16, 2024, the Court issued its Discovery and Scheduling Order. (Doc. 35.)

21          On November 25, 2024, Defendant timely filed a motion for summary judgment

22    challenging the merits of Plaintiff's claims. (Doc. 36.)

23          On December 27, 2024, when more than 21 days passed without a response from Plaintiff,

24    the Court issued its Order to Show Cause (OSC) in Writing Why Sanctions Should Not Be

25    Imposed for Plaintiff's Failure to File an Opposition or Statement of Non-Opposition. (Doc. 38.)

26    Plaintiff was directed to file a written response to the OSC, or alternatively, to file an opposition

27    or statement of non-opposition to the summary judgment motion within 14 days. (*Id*. at 3.) More

28    than 14 days have passed, and Plaintiff has failed to respond to the OSC.

1

## II.    DISCUSSION

2

### A.  Legal Standard

3    The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide,

4 "[f]ailure of counsel or of a party to comply with … any order of the Court may be grounds for

5 the imposition by the Court of any and all sanctions … within the inherent power of the Court."

6 Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising

7 that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth.,*

8 *City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a

9 party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*,

10 *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a

11 court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir.

12 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421,

13 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

14    In determining whether to dismiss an action, the Court must consider several factors:

15 (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

16 docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

17 cases on their merits; and (5) the availability of less drastic sanctions. *Carey v. King*, 856 F.2d

18 1439, 1440 (9th Cir. 1988).

19

### B.  Analysis

20    Here, Plaintiff has failed to respond to Defendant's motion for summary judgment.

21 Plaintiff's opposition or statement of non-opposition to Defendant's summary judgment motion

22 was due December 16, 2024, plus time for mailing. *See* Local Rule 230(*l*). Further, Plaintiff has

23 failed to respond to the OSC. His response was due January 10, 2025, plus time for mailing.

24 (Doc. 38 at 2-3.) There are no other reasonable alternatives available to address Plaintiff's failure

25 to obey the Court's Local Rules and orders, and his related failure to prosecute this action. Thus,

26 the first and second factors — the expeditious resolution of litigation and the Court's need to

27 manage its docket — weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

28

2

1    The third factor also weighs in favor of dismissal since a presumption of injury arises

2 from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542

3 F.2d 522, 524 (9th Cir. 1976). Here, Defendant engaged in the discovery process and filed a

4 timely motion for summary judgment, asserting there is no triable issue of material fact

5 concerning Plaintiff's claims of retaliation and excessive force. Plaintiff has failed to respond to

6 the pending motion and to the OSC concerning his failure to do so. Hence, a presumption of

7 injury has arisen from Plaintiff's unreasonable delay in prosecuting this action. Thus, the third

8 factor — a risk of prejudice to the defendant — weighs in favor of dismissal. *Carey*, 856 F.2d at

9 1440.

10    The fourth factor usually weighs against dismissal because public policy favors

11 disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However,

12 "this factor lends little support to a party whose responsibility it is to move a case toward

13 disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460

14 F.3d at 1228. Plaintiff has not moved this case forward toward disposition on the merits. He has

15 failed to comply with this Court's Local Rules to file an opposition or statement of non-

16 opposition to the pending motion for summary judgment, failed to respond to the OSC, and has

17 stopped communicating with the Court. Therefore, the fourth factor — the public policy favoring

18 disposition of cases on their merits — also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

19    Finally, the Court's warning to a party that failure to obey the court's orders or rules will

20 result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d

21 at 1262. Initially, in the First Informational Order in Prisoner/Civil Detainee Civil Rights Case

22 issued August 11, 2022, Plaintiff was advised as follows: "In litigating this action, the parties

23 must comply with this Order, the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and the

24 Local Rules of the United States District Court, Eastern District of California ("Local Rules"), as

25 modified by this Order. Failure to so comply will be grounds for imposition of sanctions which

26 may include dismissal of the case. Local Rule 110; Fed. R. Civ. P. 41(b)." (*See* Doc. 5 at 1.) That

27 Order further advised: "Absent good cause, all Court deadlines are strictly enforced." (*Id*. at 5.)

28 Second, Defendant's summary judgment motion included a *Rand* warning, and advised Plaintiff

3

that if he did not submit "his own evidence in opposition, summary judgment, if appropriate may be entered against" him and that his case may "be dismissed and there will be no trial." (Doc. 36-2 at 2.) And third, the OSC issued December 27, 2024, warned as follows: "**<u>Any failure by Plaintiff to timely respond to this Order may result in a recommendation that this action be dismissed for a failure to obey court orders and a failure to prosecute</u>**." (Doc. 38 at 3, emphasis in original.) Thus, the undersigned finds Plaintiff had adequate warning that dismissal could result from his noncompliance with this Court's Local Rules and orders. Thus, the fifth factor — the availability of less drastic sanctions —weighs in favor of dismissal. *Ferdik*, 963 F.2d at 1262; *Carey*, 856 F.2d at 1440.

In sum, Plaintiff has failed to comply with this Court's Local Rules and orders, and in doing so, has failed to prosecute this action. *Henderson*, 779 F.2d at 1424. This Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.

## III.    CONCLUSION AND RECOMMENDATION

For the reasons stated above, the Court **RECOMMENDS** that this action be dismissed, without prejudice, based on Plaintiff's failure to obey the Court's Local Rules and order, and to prosecute this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **<u>Within 14 days</u>** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result

4

1   in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

2   IT IS SO ORDERED.

3       Dated:   **January 17, 2025**

4                                                UNITED STATES MAGISTRATE JUDGE

5                                                5